UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Antoine Lee,  Civil File No. _____

      Plaintiff,

v.

Officer Oscar Macias, Officer Shawn Kelly, in
their official and individual capacity,
and City of Minneapolis,

      Defendants.

## COMPLAINT AND JURY DEMAND

For his Complaint against Defendants above-named, Plaintiff Antoine Lee states and alleges as follows:

### THE PARTIES

1. Plaintiff Lee is a Black man who resided in the state of Minnesota at all times relevant to this action.

2. Defendant Oscar Macias is an individual who at all times relevant to the allegations set forth in this Complaint was acting under the color of state law in his capacity as a law enforcement officer employed by the City of Minneapolis, Minnesota. Plaintiff is suing Defendant Macias in his individual and official capacities.

3. Defendant Shawn Kelly is an individual who at all times relevant to the allegations set forth in this Complaint was acting under the color of state law in his

capacity as a law enforcement officer employed by the City of Minneapolis, Minnesota. Plaintiff is suing Defendant Kelly in his individual and official capacities.

4. Defendant City of Minneapolis ("Minneapolis") is a political subdivision of the State of Minnesota. Minneapolis employs the above-named individual defendants as police officers. Minneapolis is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minnesota Statutes Section 466.02 for the unlawful conduct of the individual defendants above-named.

## JURISDICTION

5. This is an action for monetary relief under 42 U.S.C. §§ 1983 and 1988, the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et seq.*, and federal and state common law. This Court has jurisdiction over this action under 28 U.S.C. §§ 1343(a)(3), 1331, and 1367. Venue is proper in this district under 28 U.S.C. § 1391, as the acts and omissions giving rise to this action occurred in this district, and, on information and belief, all Defendants reside in this district.

## GENERAL ALLEGATIONS

6. On or around March 21, 2009, at approximately 12:30 AM, Mr. Lee was walking with his friend, G.J., near the intersection of 31st and Bloomington in Minneapolis, Minnesota.

7. Mr. Lee and G.J. decided to go to different restaurants for take-out and parted ways near the intersection of 31st and Bloomington.

8. While G.J. was walking across the street inside a crosswalk at or near the intersection of 31st and Bloomington, Defendants Macias and Kelly, who were in uniform, stopped G.J. and demanded to search her purse and see her identification.

9. Defendants Macias and Kelly lacked reasonable suspicion to stop G.J.

10. During the stop, Mr. Lee, who was walking approximately two blocks behind G.J., caught up with her and stood several feet behind a bus stop bench during the stop.

11. Defendants Macias and Kelly asked Mr. Lee if he knew G.J.

12. Mr. Lee has a hearing impairment and repeated Macias' and Kelly's question back to them, which is something he does because of his hearing impairment.

13. Mr. Lee did not do anything that would interfere or attempt to interfere with the stop.

14. Mr. Lee did not do or say anything that would cause a reasonable police officer to use force against him.

15. Macias and Kelly took Mr. Lee's parroting as an act of disrespect and threw Mr. Lee to the ground and severely beat him by repeatedly punching, kicking, and kneeing him about his head, face, and body.

16. Immediately before the beating commenced, Defendants Macias and Kelly told Mr. Lee words to the effect of, "You Black guys think that you're all tough."

17. After Macias and Kelly severely beat Mr. Lee, they placed handcuffs on him, took him up from the ground, and placed him in a squad car.

18.     An ambulance arrived at the scene approximately 15 minutes after Macias and Kelly placed Mr. Lee in a squad car.

19.     Mr. Lee was placed in the ambulance and taken away.

20.     Neither Mr. Lee nor G.J. was charged with any crime related to these events.

21.     Defendants' conduct caused Mr. Lee to suffer severe permanent harm and damages.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS—DEPRIVATION OF LIBERTY: FALSE ARREST, UNREASONABLE SEIZURE, UNLAWFUL DETENTION

22.     Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

23.     Defendants Macias and Kelly proximately caused Mr. Lee's arrest and detention.

24.     Defendants Macias and Kelly lacked probable cause to arrest and detain Mr. Lee.

25.     Defendants Macias and Kelly lacked a reasonable belief of probable cause to arrest and detain Mr. Lee.

26.     Defendants Macias and Kelly were acting under color of state law when they caused Mr. Lee's arrest and detention.

27.     Defendants' actions and omissions caused Mr. Lee to suffer a violation of his Fourth Amendment rights.

28.     At the time of Mr. Lee's arrest, it was clearly established that it is unconstitutional to authorize or execute an arrest or detention absent probable cause.

29.     Mr. Lee suffered harm and damages as a result of Defendants' denial of his constitutional rights.

## COUNT II
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE

30.     Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

31.     Defendants Macias and Kelly used force against Mr. Lee when effectuating a seizure on Mr. Lee.

32.     The amount of force that Defendants Macias and Kelly used while seizing Mr. Lee was unreasonable under the circumstances.

33.     Defendants Macias and Lee were acting under color of state law when they used unreasonable force while seizing Mr. Lee.

34.     Defendants' actions and omissions caused Mr. Lee to suffer a violation of his Fourth Amendment rights.

35.     At the time of Mr. Lee's arrest, it was clearly established that it is unconstitutional to use unreasonable force to effectuate a seizure.

36.     Mr. Lee suffered severe physical and emotional harm and damages as a result of Defendants' denial of his constitutional rights.

## COUNT III
## FALSE ARREST AND FALSE IMPRISONMENT

37. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

38. Defendants Macias and Kelly proximately caused Mr. Lee to be detained without probable cause.

39. Mr. Lee was aware of his confinement.

40. Mr. Lee suffered damages as a result of Defendants' unlawful conduct.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

42. By Defendants' aforementioned wrongful conduct and/or failure to act, Defendants engaged in a pattern of unlawful conduct that caused Mr. Lee to suffer severe emotional distress and trauma that no reasonable person could be expected to endure.

43. The course of Defendants' conduct was so extreme and outrageous that it goes beyond all possible bounds of decency and is utterly intolerable in a civilized society.

44. Defendants, by their extreme and outrageous conduct complained of herein, intentionally and/or recklessly caused severe emotional distress to Mr. Lee.

45. Mr. Lee has suffered injuries as a result of the severe emotional distress caused by Defendants in an amount to be proven at trial.

## COUNT V
## BATTERY

46. Plaintiff restates the preceding paragraphs as though fully stated herein.

47. Defendants harmfully touched Mr. Lee by intentionally by roughly throwing him to the ground and repeatedly punching, kicking, and kneeing him about his head, face, and body.

48. Defendants' actions were outrageous, objectively unreasonable and actually and proximately caused Mr. Lee to suffer harm.

## COUNT VI
## CIVIL CONSPIRACY TO VIOLATE CIVIL RIGHTS

49. Plaintiff restates the preceding paragraphs as though fully stated herein.

50. Defendants Macias and Kelly reached an agreement to deprive Mr. Lee of his constitutional rights when they unlawfully seized him and exercised excessive force against Mr. Lee.

51. Defendants Macias and Kelly did not report the other's unlawful conduct.

52. Mr. Jones was harmed as a result of Defendants' conduct.

## COUNT VII
## VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

53. Plaintiff restates the preceding paragraphs as though fully stated herein.

54. Defendants Macias and Kelly subjected Mr. Lee to discrimination based on his race in the area of public services.

55. Mr. Lee suffered harm as a result of Defendants' unlawful conduct.

## JURY DEMAND

56. Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in Plaintiff's favor on his claims against Defendants in an amount exceeding $75,000, the exact amount to be proven at trial;

2. Award Plaintiff damages to compensate him for the injuries he suffered as a result of Defendants' unlawful conduct;

3. Award Plaintiff punitive damages, the exact amount to be proven at trial.

4. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988.

5. Grant any other relief the Court deems just and equitable.

Dated: July 18, 2011

*s/Joshua R. Williams*
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414
(612) 486-5540
(612) 605-1944 Facsimile

A. L. Brown (#331909)
2515 White Bear Avenue,
Suite A-8103
Maplewood, MN 55109-5159
Telephone (651) 252-1214
E-Mail: A.L.Brown@Comcast.net

**ATTORNEYS FOR PLAINTIFF**